IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>           Plaintiff,<br><br>     v.<br><br>THE GOVERNMENT OR THE<br>DEPARTMENT OF JUSTICE,<br><br>           Defendant.<br>_____ / | Case No. 07-cv-0511 AWI TAG<br><br>ORDER DISMISSING ACTION,<br>WITHOUT PREJUDICE, FOR<br>FAILING TO STATE A CLAIM<br>UPON WHICH RELIEF CAN BE<br>GRANTED AND FAILING TO<br>COMPLY WITH FED.R.CIV.P. 8(a)<br>(Doc. 1) |

Plaintiff James E. Smith ("Plaintiff"), a state prisoner proceeding pro se, filed the instant civil complaint on March 26, 2007 under 28 U.S.C. § 1651 (the All Writs Act), 5 U.S.C. § 552(a)(4)(E)[1] (the Freedom of Information Act ("FOIA"), and Federal Rules of Civil Procedure 64, 65, and 81. (Docs. 1). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302.

Pursuant to 28 U.S.C. § 1915A, this Court must "screen" a complaint filed by a prisoner to determine whether the case should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party immune from this form of relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28. A frivolous claim is based on an

---

[1] This provision of the FOIA, 5 U.S.C. § 552, enables the court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

1

inarguable legal conclusion or a fanciful factual allegation. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1228. The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsom, 795 F.2d 964, 968 n.1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

During the screening process, this Court considers whether the plaintiff has complied with Federal Rule of Civil Procedure 8(a), which requires that:

> A [complaint] contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The plaintiff must allege with at least some degree of particularity specific overt acts which the defendant(s) engaged in that support plaintiff's claim. Id. The Rule 8(a) statement "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citations omitted). Although a plaintiff need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). In reviewing a complaint under this standard, the

Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).[2]

In the complaint, Plaintiff alleges that defendants – the Government or the Department of Justice – and all parties "acting in concert with them in their official, personal, and individual capacities" (collectively, the "Defendants"), had a

> clear, present and ministerial duty to abide by and adhere to the exercise of sound discretion governed by legal rules to do justice according to the laws in conducting hearing and providing plaintiff with accurate information upon request 28 U.S.C. § 522(a)(4)(E). In receiving evidence, and to issue rulings consistent with laws of the United States Constitution under the Fourth and Fifth Amendment secured by the U.S. Constitution.

(Doc. 1, p. 1-2). Plaintiff further alleges that Defendants illegally searched and seized his property, in violation of rights secured him under the Fourth and Fifth Amendments. (Id. at 2). Finally, Plaintiff asserts that Defendants have refused to comply with his repeated requests for information and documents "under the Fourth and Fifth Amendment," but Defendants have refused to comply with these requests in violation of Fed.R.Civ.P. 64 and 65 and the All Writs Act. (Id.).

Plaintiff alleges that, as a result of Defendant's actions, he has suffered, and will continue to suffer, "severe emotional distress and irreparable injuries." (Id.) Plaintiff requests an injunction compelling Defendants to respond to his FOIA requests and enjoining them from engaging in unconstitutional activities; a declaratory statement that the Defendants have deprived him of the "privileges and immunities afforded other inhabitants of the United States," attorneys fees, and costs. (Id. at 3).

///

///

---

[2] If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Id. at 1128.

3

Plaintiff ostensibly filed his complaint pursuant to the All Writs Act, which provides that:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651. The All Writs Act does not confer original jurisdiction on federal courts. Id.; Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 29, 123 S.Ct. 366, 368, 154 L.Ed.2d 368 (2002). Instead, the All Writs Act

> is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Pennsylvania Bureau of Corrs. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985); In re Estate of Ferdinand Marcos Human Rights Litigation, 94 F.3d 539, 546 n.9 (9th Cir. 1996). Thus, even if jurisdiction is properly pled, to the extent that Plaintiff seeks an injunction under the All Writs Act, such relief should be granted "only in the most critical and exigent circumstances [] when" the legal rights at issue are indisputably clear." Brown v. Gilmore, 122 S.Ct. 1, 2 (2001) (quoting Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U.S. 1312, 1313 (1986) (quotations and citations omitted)). In the instant case, Plaintiff has not alleged a jurisdictional basis for his request for relief, as required under Fed.R.Civ.P. 8(a), nor has he made a showing that he is entitled to relief under the All Writs Act.[3]

To the extent that Plaintiff alleges that the Defendants violated his constitutional rights, the

---

[3] To the extent that the caption of the complaint cites the FOIA as a cause of action, the cited provision – 5 U.S.C. § 552(a)(4)(E) – is not a basis for jurisdiction, as it merely enables the prevailing party in an FOIA action to collect attorneys fees and costs. See fn. 1. The only references Plaintiff makes to the the FOIA are in his prayer for relief and his assertion that Defendants must "do justice in . . . providing plaintiff with proper information upon request 28 U.S.C. § 552(a)(4)(E) [sic]." (Doc. 1). Construing Plaintiff's allegations broadly, his assertion that he requested information and documents from Defendants under the All Writs Act and the Federal Rules of Civil Procedure could be interpreted as a statement that he sought information under the FOIA. (Id. at 2); see 5 U.S.C. § 522(A) and (B).

4

action sub judice can be construed as a civil rights complaint, filed pursuant to 42 U.S.C. § 1983.[4] To state a claim for injunctive or monetary relief under § 1983, the plaintiff must allege that (1) the defendant acted under color of state law (federal law under Bivens (see below and n. 5)) and (2) the defendant deprived plaintiff of rights secured him by the Constitution or federal law.  42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

In the instant case, Plaintiff alleged that Defendants deprived him of his constitutional rights, in violation of rights secured him under the Fourth and Fifth Amendments, when they unlawfully searched and seized his personal property. (Doc. 1, p. 2).  Plaintiff's complaint, however, lacks both the requisite degree of specificity to put Defendants on fair notice of his claims and the overt acts supporting the legal allegations, and a statement setting forth the basis for federal court jurisdiction.  Fed.R.Civ.P. 8(a); Swierkiewicz, 534 U.S. at 512 (2002).  This Court, however, will grant Plaintiff leave to file an amended complaint.  Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the underlying facts must be sufficiently alleged.

Based on the foregoing, **IT IS HEREBY ORDERED** that

1. Plaintiff 's complaint, (Doc. 1), is **DISMISSED WITHOUT PREJUDICE**  for failure to state a claim upon which relief could be granted and failure to comply with Fed.R.Civ.P. 8(a);

2. Plaintiff is **GRANTED** thirty (30) days to file an amended complaint;

///

---

[4] The availability of a cause of action for monetary damages and/or injunctive relief against federal officials for violating a constitutional right was established in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971) ("Bivens").

3. Plaintiff is **ORDERED** to pay the $350 filing fees or submit his application to proceed in forma pauperis, with supporting documentation, within thirty (30) days; and

4. The Clerk of the Court is **DIRECTED** to send an Application by a Prisoner for Leave to Proceed in Forma Pauperis.

**PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED. SEE LOCAL RULE 11-110.**

IT IS SO ORDERED.

Dated:  **June 7, 2007**                                         /s/ Theresa A. Goldner
                                                        UNITED STATES MAGISTRATE JUDGE

6