# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, | Case No. 07-cv-0511 AWI TAG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | (Doc. 6) |
| THE GOVERNMENT OR THE DEPARTMENT OF JUSTICE, | |
| Defendant. | |

On March 30, 2007, Plaintiff James E. Smith ("Smith"), a prisoner proceeding pro se, filed a petition for a writ of habeas corpus. (Doc. 1). On May 23, 2007, upon concluding that Smith's petition did not challenge his conviction or sentence and thus was not properly a habeas action, the Court entered an order redesignating the petition as a general civil complaint. (Doc. 4). On June 11, 2007, the Court issued an order dismissing the complaint without prejudice and granting Plaintiff leave to file an amended complaint within 30 days. (Doc. 6). In addition, the Court ordered Plaintiff either to pay the $350 filing fee or submit an application to proceed in forma pauperis within 30 days. (Id.). Plaintiff was specifically warned that his failure to comply with the Court's June 11, 2007 order would result in a recommendation that this action be dismissed. (Id.). Smith has yet to file an amended complaint, pay the filing fee, or file an application to proceed in forma pauperis, and, thus, failed to comply with the Court's order. (See generally docket).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

1 sanctions . . . within the inherent power of the Court." District courts have the inherent power to
2 control their dockets and "in the exercise of that power, they may impose sanctions including, where
3 appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
4 1986).

5    In determining whether to dismiss an action for failure to obey a court order, the Court must
6 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
7 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
8 favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.
9 Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir.
10 1988).

11    In the instant case, the Court finds that the public's interest in expeditiously resolving this
12 litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third
13 factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a presumption of
14 injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air
15 West, Inc., 542 F.2d 522, 524 (9 Cir. 1976).  The fourth factor -- public policy favoring disposition
16 of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.
17 Finally, a court's warning to a party that failure to obey the court's order will result in dismissal
18 satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262
19 (9th Cir. 1992); Malone v. U.S. Postal Service, 833 F.2d 128, 132-133 (9th Cir. 1987); Henderson,
20 779 F.2d at 1424.  The Court's June 11, 2007 order expressly states in bold letters: "**PLAINTIFF'S**
21 **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION**
22 **THAT THIS ACTION BE DISMISSED.  SEE LOCAL RULE 11-110.**"  (Doc. 6) (emphasis in
23 original).   Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance
24 with the Court's order.

25    Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED with
26 prejudice for Plaintiff's failure to comply with the Court's June 11, 2007 order.  (Doc. 6).
27 ///
28

1     These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 15, 2007**                                                     **/s/ Theresa A. Goldner**
                                                                                          UNITED STATES MAGISTRATE JUDGE