# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>               Plaintiff,<br><br>vs.<br><br>THE GOVERNMENT OR THE DEPARTMENT OF JUSTICE,<br><br>               Defendant.<br>_____/ | Case No. 07-cv-0511-AWI-TAG<br><br>ORDER DENYING MOTION<br>FOR ATTORNEY'S FEES AND COSTS<br><br>(Doc. 12) |

      Plaintiff James E. Smith ("Smith"), a prisoner proceeding pro se, filed a petition for a writ of habeas corpus, which was re-designated as a general civil complaint on May 23, 2007. (Docs. 1, 4). On August 16, 2007, the Magistrate Judge issued Findings and Recommendations, recommending that Smith's complaint be dismissed with prejudice for failure to comply with this Court's June 11, 2007 order directing Smith to file an amended complaint and either pay the filing fee or submit an application for leave to proceed in forma pauperis. (Doc. 9; see Doc. 6 (June 11, 2007 order)). On September 14, 2007, the Findings and Recommendations were adopted by the District Judge and the instant case was dismissed. (Doc. 10). The Clerk of Court entered a final judgment against Smith on September 17, 2007. (Doc. 11).

      On February 13, 2008, Smith filed a motion for attorney's fees and costs, pursuant to 5 U.S.C. § 522. (Doc. 12). Section 522 addresses an individual's ability to obtain information from government agencies, and provides, in pertinent part, that

> (i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

///

///

    (ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either–

        (I) a judicial order, or an enforceable written agreement or consent decree; or;

        (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 522(E)(i) and (ii).

Because Smith did not have a complaint pending in this Court in which he sought or obtained relief as defined above, and he was not the prevailing party in this action, he is not entitled to attorney's fees and costs.

Accordingly, IT IS HEREBY ORDERED that Plaintiff James E. Smith's motion for attorney's fees and costs (Doc. 12), is DENIED.

IT IS SO ORDERED.

Dated: **February 19, 2008**　　　　　　　　　　**/s/ Theresa A. Goldner**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE