IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br>　　　　　Petitioner,<br><br>　v.<br><br>THE GOVERNMENT OF THE<br>DEPARTMENT OF JUSTICE,<br><br>　　　　　Respondent. | 1: 07 -CV- 0511 AWI TAG HC<br><br>**ORDER DENYING MOTION FOR PERMISSION TO APPEAL AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>[Documents #14] |

## BACKGROUND

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 23, 2007, the Magistrate Judge reviewed the petition, determined that the petition was not a habeas corpus action, and re-designated the petition as a general civil complaint.   On June 11, 2007, the Magistrate Judge issued an order dismissing the complaint without prejudice and granting Plaintiff leave to file an amended complaint within thirty days. In addition, the Magistrate Judge ordered Plaintiff either to pay the $350 filing fee or submit an application to proceed in forma pauperis within thirty days.  Petitioner did not file an amended complaint, pay the filing fee, or file an application to proceed in forma pauperis.   On September 1, 2007, the court adopted the Magistrate Judge's August 16, 2007 Findings and Recommendations and dismissed this action for Petitioner's failure to obey a court order.   On March 12, 2008, Petitioner filed a motion requesting permission to appeal this action.

**DISCUSSION**

**A.  Appeal of Habeas Corpus Petition**

Because this action was filed as a habeas corpus petition, the Clerk of the Court has requested this court issue an order either granting or denying a certificate of appealability.  The Magistrate Judge found that this action was not a habeas corpus petition, and as such, it is questionable whether a certificate of appealability is necessary.  Regardless, the court cannot issue a certificate of appealability in this action.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  Before Petitioner can appeal a habeas corpus petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).  Although no express request was made for a certificate of appealability, the notice of appeal is deemed to constitute a request for a certificate.  See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

The time limit for filing a notice of appeal following entry of an order denying a petition for writ of habeas corpus is thirty days. See Fed. R.App. P. 4(a).   Petitioner's notice of appeal was filed more than thirty days after entry of the order Petitioner seeks to appeal. The failure to file a timely notice of appeal deprives the Court of Appeals of jurisdiction. Bowles v. Russell, 127 S.Ct. 2360, 2366 (2007).  The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir.1978).  Reading Bowles and Hayward together, the court finds that the issuance of a certificate of appealability at this time would not give the Ninth Circuit jurisdiction over Petitioner's appeal, and as such, the court has no choice but to deny the certificate of appealability.  See Woods v. Ayers, 2007 WL 1805555  (E.D.Cal 2007); Ransom v. Scribner, 2007 WL 841786 (E.D.Cal 2007). Thus, to the extent one is needed, the court declines to issue a

certificate of appealabilty.

**B.  Request for Additional Time to Appeal a Regular Civil Action**

In his March 12, 2008 filing, Petitioner asks permission to appeal.   It appears that Petitioner is asking for additional time to appeal the court's dismissal order pursuant to Rule 4 of the Federal Rules of Appellate Procedure.   Pursuant to 28 U.S.C. § 2107(a), parties must file notices of appeal within 30 days of the entry of the judgment being appealed.  Bowles v. Russell, - U.S. -,127 S.Ct. 2360, 2363 (2007).    "District courts have limited authority to grant an extension of the 30-day time period."  Id.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides the court's authority to extend the time in which a party may file a notice of appeal.   Rule 4(a)(5) provides:

> (A) The district court may extend the time to file a notice of appeal if:
> (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> . . . .
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed.R.App.Pro. 4(a)(5)   Because judgement in this action was entered on September 14, 2007, Petitioner had thirty days to file a notice of appeal, and Petitioner had sixty days in which to file a motion for more time to appeal.   Petitioner's motion to appeal was not filed until March 12, 2008.   It is now too late for the court to extend the time in which Petitioner can appeal pursuant to Rule 4(a)(5).

The court recognizes that if certain conditions are met, the court has the statutory authority to grant a motion to reopen the time for filing an appeal for 14 additional days.   28 U.S.C. § 2107(c).   Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides the court's authority to reopen and extend the time for filing a notice of appeal after the lapse of the usual 30 days.   Rule 4(a)(6) provides:

3

>The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>(C) the court finds that no party would be prejudiced.

Fed.R.App.Pro. 4(a)(6). However, Rule 4(a)(6) provides no assistance to Petitioner. Plaintiff does not claim that he did not receive notice of the court's entry of judgment. The purpose of Rule 4(a)(6) is only to soften the harsh penalty of losing one's right to an appeal because of the court's failure to notify a party of a judgment, not to allow parties' to file late appeals. <u>Arai v. American Bryce Ranches, Inc.</u>, 316 F.3d 1066, 1070 (9th Cir. 2003). Thus, the court is unable to re-open the time in which Petitioner could appeal. Petitioner's motion requesting permission to appeal must be denied because the court has no authority to grant Petitioner's request.

## ORDER

Accordingly, the court ORDERS that:

1. To the extent one is needed, the court DECLINES to issue a certificate of appealabilty; and
2. Petitioner's motion requesting permission to appeal is DENIED.

IT IS SO ORDERED.

Dated:   **April 29, 2008**              **/s/ Anthony W. Ishii**
                                         UNITED STATES DISTRICT JUDGE